(No. 2057— )

Tony Monaco, Administrator of the Estate of John Monaco, Deceased, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed October 15, 1935.*

Cirese & Cirese, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The facts alleged in this case are as follows: That on the 9th day of January, 1932, the respondent, the State of

Illinois, through its agents, the West Chicago Park Commissioners, was in control of a certain public park known as Columbus Park, situated in the Town of West Chicago, in the City of Chicago, County of Cook, and State of Illinois; That the West Chicago Park Commissioners, seven in number, were appointed by the Governor of the State of Illinois, and the Board had been given power to manage and direct all parks authorized by statute, to lay out, regulate and improve the same, and to pass ordinances for the government thereof, the total cost of the parks to be assessed on the property benefited, to appoint a police force, etc.; that the respondent, by and through its agents, the said Commissioners, had directed and maintained various conveniences, comforts and means for diversion for the convenience of the general public, and among other things, appeared a small body of water, commonly known as a lagoon or pond, to be used for boating and swimming in summer and skating during the winter.

It was then averred that it became and was the duty of the respondent to take all precautionary measures required by reasonable prudence to guard against dangers which might arise because of insufficient thickness of the ice, and to warn the public against such danger by proper signs; that it disregarded its duty in this behalf, and that claimant's decedent, an infant of, to-wit 12 years of age, was in the park, seeking diversion and amusement, and while in the exercise of care and caution for his own safety, was attracted by the ice for purpose of skating upon it, and did go upon it, and it gave way and broke, and decedent was thrown into the water and was drowned. The declaration consists of two counts, both setting forth the same cause of action in a little different way.

A general and special demurrer was filed to the declaration, and later, when the new Practice Act of this State became effective, that was changed to a motion to dismiss.

We are further compelled to take judicial notice of the fact that the Commissioners are officers of a municipal corporation, capable of suing and being sued. This court has repeatedly held that it has no jurisdiction under ''An Act to create the Court of Claims and prescribe its powers and duties,'' to entertain suits filed by individuals against municipal corporations as such individuals must seek their legal remedy in courts of record in this State. Further, that such

municipal corporations as the Board of Park Commissioners of Lincoln Park, the West Chicago Park Commissioners, and the South Park Board of the City of Chicago, and Boards of Education of cities or school districts, are not arms or agencies of the State government so as to bring them within the jurisdiction of the Court of Claims. (See *Perkins, Fellows & Hamilton* vs. *State*, 4 C. C. R. 197; *Mary O'Brien* vs. *State*, 5 C. C. R. 30; *William Dawson* vs. *State*, 5 C. C. R. 41; *Otto Stein, Admr.* vs. *State*, 6 C. C. R. 329; *Union Bank of Chicago, Admr.* vs. *State*, 6 C. C. R. 370; *Joe Williams* vs. *State*, 6 C. C. R. 456; *Ella Kirkpatrick, et al*, vs. *State*, 6 C. C. R. 480, and several other opinions all to the same effect.

The motion to dismiss will, therefore, be sustained.